UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION

CIVIL ACTION NO. 2:21CV48 (WOB-CJS)

ERICA POWERS                                          PLAINTIFF

VS.                          <u>ORDER</u>

POMEROY IT SOLUTIONS
SALES CO., INC.                                       DEFENDANT

This matter is before the Court on plaintiff's request for entry of default (Doc. 27).

The Court has reviewed this motion because, unlike requests for entry of default by the Clerk of Court premised on the defendant's failure to file an answer, this motion is based on defendant's post-answer conduct. As such, it presents a legal issue for the Court.

Specifically, approximately five months after defendant filed an answer to the complaint in this matter, its counsel moved to withdraw. (Doc. 19). A subsequent filing explained that defendant has gone out of business and thus has no funds to pay for legal representation. (Doc. 21).

It being well settled that "a corporation cannot appear in federal court except through an attorney," *Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 3:14-1929, 2017 WL 4411054, at

\*5 (M.D. Tenn. July 28, 2017) (citing *S.E.C. v. Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012)), the assigned United States Magistrate Judge ordered defendant to obtain new counsel by order dated September 22, 2021. (Doc. 20). Defendant then moved to waive that requirement. (Doc. 21).

On October 26, 2021, the Magistrate Judge held a telephonic conference on the pending motions and issued an order granting counsel's motion to withdraw, denying defendant's motion to waive the appearance of counsel, and requiring defendant to retain new counsel and file a notice of appearance by November 5, 2021. (Doc. 24). The Court also ordered the Clerk of Court to send a copy of the order to the Corporate Restructuring Officer involved in the winding down of defendant's business, who had submitted a declaration in support of the motion to waive the requirement to obtain counsel. (*Id.*).[1]

New counsel did not appear on defendant's behalf, and five months passed. The Magistrate Judge then issued an order on March 28, 2022 requiring the parties to file joint or separate status reports, again directing the Clerk to send a copy to defendant's Corporate Restructuring Officer. (Doc. 25).

---

[1] That officer stated in his declaration that defendant was aware that, as a corporate entity unable to retain counsel, it would be unable to defend itself in this case. (Doc. 21-1 at 2-3).

2

On April 7, 2022, plaintiff filed a status report indicating that it had received no notice that defendant had retained new counsel and that it had not received responses to discovery requests served in August 2021. (Doc. 26). The current request for entry of default followed. (Doc. 27).

Rule 55(a) of the Federal Rules of Civil Procedure states: "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

There appears to be some disagreement among federal courts as to how the phrase "otherwise defend" is interpreted. *See* 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.11[2][b] (3d ed. 2021 Supp.). However, while "the Sixth Circuit has not spoken definitely on the issue of whether default can be entered against a party who has answered, the majority of courts considering that question have broadly imposed Rule 55(a) to allow imposition of default against an answering party for later inaction that evinces a failure to defend." *Sony/ATV Music*, 2017 WL 4411054, at *6 (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011)).

At least two other district courts within the Sixth Circuit have applied Rule 55(a) to permit entry of default against a corporate defendant who failed to obtain new counsel in violation

3

of court orders, holding that such inaction that impedes the progress of the case constitutes a failure to "otherwise defend." *See Sony/ATV Music*, 2017 WL 4411054, at *5-6; *Dow Corning Corp. v. Jie Xiao*, No. 11-10008, 2013 WL 4039371, at *5 (E.D. Mich. Aug. 7, 2013).

The Court thus concludes that defendant's failure to obtain counsel so that this case can proceed amounts to a failure to "otherwise defend" within the meaning of Rule 55(a) and that entry of default is required.

Therefore, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that:

(1) Plaintiff's request for entry of default (Doc. 27) be, and is hereby, **GRANTED**. The Clerk of Court shall enter default against defendant; and

(2) Plaintiff shall file a motion for default judgment **on or before May 9, 2022,** in compliance with Fed. R. Civ. P. 55(b)(2).

This 14th date of April 2022.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge